OPINION. Oppek, Judge: Respondent’s regulations eliminate from taxable income the fair value of “living quarters * * * furnished to employees for the convenience of the employer,” Regulations 111, sec. 29.22 (a)-3. We read the present record as demonstrating without appreciable qualification that the living quarters furnished to petitioner were to some extent for his employer’s convenience. Unlike such cases as Arthur Benaglia, 36 B. T. A. 838, however, it is impossible to find here that petitioner’s rent-free oceupancy of his living quarters was “solely” for the employer’s convenience. See also Greene v. Kanne, 23 A. F. T. R. 1141, and Renton v. Kanne, (both Dist. Ct. Hawaii, Mar. 12, 1938). Not only had petitioner occupied the apartment before he undertook the duties which made his residence there advantageous to the owner, but he testified that it would be correct to say “that in arranging for you [petitioner] to live in that apartment house it is partly for the reason that they [the employer] want you to live, in the premises, and partly to compensate you for your work * * *.” Under the circumstances operative here we regard the outer limit of the value of petitioner’s apartment which can be attributed to the employer’s convenience as the rental value of the living quarters furnished to petitioner’s predecessor, which, as set forth in our findings, was $1,000 a year. While perhaps it might be said in other situations where employer and employee are dealing at arm’s length that the best evidence of the measure of the employer’s convenience is the value of the premises actually appropriated to the employee’s use, here petitioner’s relation to his employer as director, president, stockholder, and employee in another capacity eliminates the acceptability of such a test. But for the reasons stated we regard respondent’s determination as contrary in principle to his regulations. It is true that in Ralph Kitchen, 11 B. T. A. 855, we refused to allow an exclusion of any amount unless the services furnished were “solely” for the convenience of the employer. Neither by word nor implication, however, does that concept appear in the regulations and, in so far as the Kitchen case is to the contrary, it will no longer be followed. Respondent’s determination is disapproved to the extent that it disallows the exclusion from gross income of $1,000 out of the total sum of $1,800, which latter amount is agreed to be the full rental value of petitioner’s apartment. Reviewed by the Court. Decision will be entered under Buie 50.